UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-03285-TWP-MPB |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Paul Moore's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCF 20-08-0048 on August 27, 2020. Dkt. 1. For the reasons explained in this Order, Mr. Moore's petition is **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

Indiana Department of Correction (IDOC) Sgt Martin wrote a conduct report on August

1

19, 2020, charging Mr. Moore with a violation of IDOC Adult Disciplinary Code B-222, arson:

> On the above date and approximate time, after Offender Paul Moore DOC # 194496 setting fire into his located cell 03-111 I Sgt. K Martin started an investigation due the above date (08-06-2020) about Arson, upon ending the investigation on 8-19-2020, I Sgt. K Martin came up with all evidence by then offender Moore, Paul DOC # would be receiving this conduct.

Dkt. 8-1. The record includes pictures taken after the incident. Dkt. 8-4.

> The serious incident report (SIR) description of the incident provided additional detail:

> On 8/6/2020 at 1720 hours, Sgt. K. Martin Called a 10-70 (fire) to summon additional staff after he observed smoking coming out of RHU cells 03-111 occupied by offender Moore, Paul #194496 and 03-112 occupied by Crawford, Tyler # 201650. Officer J. Walters responded Cell 03-112 and deployed the fire extinguisher putting the fire out . . . . Officer J. Shaw responded to cell 03-111 and deployed the fire extinguisher putting the fire out. Staff placed offender Moore into restraints and escorted him to the outdoor recreations cages where he began to physically resist staff and had to be placed on the ground until compliance was gained. Offenders Moore and Crawford used wire from the tablet chargers, put wires into the electrical outlet to catch paper and [their] mattresses on fire. Additional staff arrived to evacuate all of the 03 until all the smoke was clear . . . . Medical assessed offender Moore and noted no injuries. Moore was placed into cell 02-116 on strip cell status and received a conduct report for 222 Arson.

Dkt. 8-5. The record consists of numerous incident reports from the individual officers who responded to the incident, detailing that Mr. Moore and another offender set their cells on fire, staff responded with fire extinguishers to put out the fire, the offenders were evacuated from the area and taken to medical, and then the offenders were later escorted back to their cells. Dkt. 8-2.

Mr. Moore was notified of the charge on August 25, 2020, pled not guilty, and did not request physical evidence. Dkt. 8-9. He requested Offender Crawford as a witness and sought to ask him if there was any discrimination taking place against Mr. Moore. *Id.* Offender Crawford provided a witness statement that "multiple homosexual offenders were experiencing various means of discrimination," and that Mr. Moore was "the sole victim." Dkt. 8-14. The lead

psychologist at the facility concluded that Mr. Moore's behavior was not related to mental illness. Dkt. 8-15.

A disciplinary hearing was held on August 27, 2020, and Mr. Moore stated that he "did it" but "wanted to plead not guilty for" his appeal. Dkt. 8-13. He also stated that the pictures taken were not of his cell. *Id.* The disciplinary hearing officer (DHO) considered the staff reports, Mr. Moore's statement, witness statements, the pictures, SIRs, and medical reports and found Mr. Moore guilty. *Id.* His sanctions included deprivation of earned credit time and a credit class demotion. *Id.*

Mr. Moore's administrative appeals were unsuccessful. Dkt. 8-16; dkt. 8-17. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to the Court's order to show cause. Dkt. 8. Mr. Moore did not file a reply.

**C. Analysis**

Mr. Moore raised two grounds in his petition. Dkt. 1. First, that the IDOC did not follow policy by failing to issue his conduct report within 24 hours of the incident, and Internal Affairs and Investigations and Intelligence did not conduct an investigation. *Id.* at 2. Second, that the DHO relied on improper evidence that Mr. Moore admitted guilt and the pictures considered were not of his cell, implicating a challenge to the sufficiency of the evidence. *Id.*

**1. IDOC Policy**

Mr. Moore's arguments of the IDOC's failure to follow departmental policies of writing a conduct report within 24 hours of the incident or any requirement to conduct an internal investigation, fail. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis

for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, Mr. Moore is not entitled to habeas relief on this ground.

### 2. Sufficiency of the Evidence

Mr. Moore contends that he did not admit guilt at the hearing and that photographic evidence relied upon by the DHO was not photos from his cell. Dkt. 1. Thus, he contends, there was not sufficient evidence to support his charge.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence"

supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Here, Sgt. Martin's conduct report alone provides some evidence to support that he responded to a fire in Mr. Moore's cell. Dkt. 8-1. The conduct report is further supported by the SIRs generated immediately following the incident, inclusive of accounts by multiple officers who responded to the fire. The conduct report and SIRs documented that Mr. Moore was one of the two individuals responsible for the fire. Dkt. 8-2. The SIRs also corroborate that Mr. Moore was restrained after the incident, assessed by medical, and then transported back to his cell after the fire was cleared. *Id.* Mr. Moore's argument that he never admitted guilt and that the photographs reviewed by the DHO were not of *his* cell is unpersuasive, as any admission or lack of admission to the conduct and the photos were not the only evidence upon which the DHO based his decision. Dkt. 8-13. The DHO considered all of the aforementioned evidence as well as the offenders' statements and found Mr. Moore guilty of arson. Mr. Moore's argument regarding the photos is asking the Court to consider the same evidence and weigh it differently to reach a different result, something it cannot do.

Accordingly, Mr. Moore is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Moore to the relief he seeks.

Accordingly, Mr. Moore's petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:  11/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

PAUL MOORE
194496
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov